## CITY OF SPRINGFIELD

### v.

## CITY OF LONDON INSURANCE COMPANY.

*Special Tax on Insurance Companies—Power of Municipalities to Levy —Statutes—Repeal—Office of Proviso.*

¶ 111, Sec. 23, Ch. 24, Starr & C. Ill. Stat., authorizing municipalities having fire departments to tax foreign insurance companies, is repealed by ¶ 32, Sec. 30 Ch. 73, such power being saved only to municipalities to·which it has been expressly granted by statute.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Statement of the case by CONGER, J. This is an action of debt by the city against a fire insurance company not incorpo-

rated under the laws of Illinois, to recover two per cent. upon the gross receipts of the company for the year 1885. The declaration contains two counts, both making proper allegations as to the defendant being a foreign fire insurance company, and that it did business in the city in 1885 of $5,000 in premiums, and that during all of that time and for many years before, the city kept and maintained an organized fire department. The city is incorporated under the general law.

The first count avers that by an ordinance of the city then (1885) and still in force, it was provided that foreign insurance companies engaged in effecting fire insurance in said city should pay into the city treasury two dollars upon the hundred dollars, and at that rate upon the amount of all premiums paid or agreed to be paid for insurance in said city, payments to be made on January and July 1st each year, and that the sums so received should be set apart for the support and maintenance of the fire department of said city.

The second count avers that previous to 1885 the city levied upon the gross receipts of all such companies a tax or license fee of two dollars upon the hundred of premiums, to be paid January and July 1st each year, to be devoted exclusively to the support of the fire department.

Both counts allege the premiums were the gross receipts, and both allege the failure of the company to pay.

A general demurrer was interposed to the declaration and sustained, and the city electing to stand by it, judgment was rendered against the city for costs.

Messrs. Greene, Burnett & Humphrey, for appellant.

Mr. James C. Conkling, for appellee.

Conger, J.   We are of opinion that the action for the two per cent. of the gross receipts of the insurance company can not be maintained for the reason there is no existing law justifying it.

In the general law there was formerly a provision (Chap. 24, Sec. 111, Starr & Curtis,) which declared that "All corpo-

rations, companies or associations, not incorporated under the laws of this State, engaged in any city in effecting fire insurance, shall pay to the treasurer the sum of $2 upon the $100 of the net receipts by their agency in such city, and at that rate upon the amount of all premiums which, during the half year ending on every first day of July and January, shall have been received for any insurance effected or agreed to be effected, in the city or village, by or with such corporations, companies or associations respectively. * * * Provided, that this section shall only apply to such cities and villages as have an organized fire department, or maintain some organization for the prevention of fires." This is the only authority we have been able to find justifying the city in passing the ordinance in question, and this is unquestionably repealed and abrogated by Sec. 30 of Chap. 73, passed in 1879, and in force July 1, 1879.

This section provides that "Every agent of any insurance company * * * shall return to the proper officer * * * the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax list * * * and subject to the same rate of taxation, for all purposes, State, county, town and municipal, that other personal property is subject to at the place where located; said tax to be in lieu of all town and municipal licenses, and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided*, that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax, or license fee, not exceeding two per cent., in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city."

It is clear to us that the intention of the Legislature in the Act of 1879 was in lieu of every species of municipal tax or license, to subject the net receipts of insurance companies of the agency within the county, town or municipality, to the same rate of taxation as other personal property.

But it is insisted that the provision to this section gives the power to all cities, having an original fire department, to levy

a tax or license fee of two per cent. on the gross receipts of the agency.

We can not assent to this view. In Minis v. U. S., 15 Pet. 433, it is said: "The office of a provision is, generally, either to except something from the enacting clause, or to restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the Legislature to be brought within its purview." In Boon v. Joliet, 1 Scam. 258, it is said: "A provision in a statute is intended to qualify what is affirmed in the body of the act, section or paragraph preceding it."

We hold that Sec. 30 of Chap. 73 repealed Sec. 110 of Chap. 24, and the provision at the end of Sec. 30 only has the effect to save the power of levying the two per cent. upon gross receipts, "in accordance with the provisions of their respective charters," and is to be construed as saving such power only to those cities whose charters had a special power of the kind in them at the time of the passage of the act; but it was not intended to create or confer such a power upon other cities. In other words, it saved the power to those municipalities expressly having it by their charters, but did not confer it upon others.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*