CITY OF CHICAGO

v.

THE PHŒNIX INSURANCE COMPANY OF BROOKLYN.

*Municipal Corporations—Special Tax on Insurance Companies— License—Police Power.*

A municipal corporation, incorporated under the general law, has no authority to impose a special license tax on foreign insurance companies.

[Opinion filed May 31, 1888]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HEMPSTEAD WASHBURNE and CLARENCE A. KNIGHT, for appellant.

City of Chicago v. Phœnix Ins. Co.

Messrs. PADDOCK, ALDIS & WRIGHT, for appellee.

BAILEY, J. This was an action of debt, brought by the city of Chicago against the Phœnix Insurance Company, a corporation organized under the laws of the State of New York, to enforce the provisions of an ordinance of said city in relation to foreign insurance companies. The first section of said ordinance provides that no corporation, company or association, not incorporated under the laws of this State, shall effect fire insurance in said city without first obtaining a license therefor, under a penalty of not less than $50 nor more than $100. The second section of said ordinance is as follows:

"Licenses may be granted to such corporations, companies and associations, not incorporated under the laws of this State, to engage in the business of effecting fire insurance in the city of Chicago, upon the payment of the sum of two dollars upon the one hundred dollars of the gross receipts of the agency of such corporation, company or association, in the city of Chicago. Said licenses shall be semi-annual and shall expire respectively on the thirtieth (30th) days of June and December in each year, and there shall be paid for the same the amount of two per cent. upon the gross receipts of such agency for the preceding half year. Said license fee shall be paid to the City Collector, and shall be accompanied by a statement under oath, as to the amount of said gross receipts for said preceding half year. Upon the receipt given by the Collector, the license shall be issued by the Mayor."

The third section imposes upon any broker placing any insurance with any such foreign insurance company or association which has not complied with the terms of said ordinance, a penalty of not less than $25 nor more than $100 for each offense, and the fourth section imposes a like penalty upon persons acting as agents of such companies or associations.

The declaration consists of two counts, both of which set out said ordinance in extenso, and allege that said city became incorporated under the general incorporation law, April 23, 1875, and that at that time it had and has ever since had and maintained an organized fire department; that the defendant

is a corporation organized under the laws of the State of New York, and was and for a year then past had been engaged in effecting fire insurance in said city. The first count alleges that for the six months next prior to July 1, 1886, said company had received for premiums upon insurance effected within said city the gross sum of $100,000, whereby, and by force of said ordinance, there became due and owing from said company to said city the sum of $2,000. The second count alleges that said company had been engaged in effecting fire insurance in said city as aforesaid through its duly constituted agents without a license as required by said ordinance, whereby, and by force of said ordinance there became due and owing from the defendant to the plaintiff the sum of not less than $50 nor more than $100. A general demurrer to each of said counts being sustained by the court and the plaintiff electing to abide by its declaration, judgment was rendered in favor of the defendant for costs.

The demurrer was doubtless sustained on the ground that the ordinance in question is invalid, such invalidity arising from a want of power on the part of the City Council to pass it. It is claimed that the power to pass such ordinance is given by the proviso of section 30 of the statute in relation to fire insurance companies, as amended May 31, 1879. 1 Starr & C. Ill. Stat. 1127. This precise question was fully considered by the Appellate Court of the Third District in City of Springfield v. City of London Ins. Co., 21 Ill. App. 156, and the conclusion reached that cities incorporated under the general incorporation law are not within the terms of said proviso. With this conclusion we are disposed to concur. As no other authority to pass said ordinance is shown, we are of the opinion that the demurrer was properly sustained.

It is urged, however, that the power to license, regulate and tax the business of fire insurance is a police power, and is embraced within the power granted to the City Council by subdivision 66 of section 63 of the general incorporation law. The power there given is to "regulate the police of the city, and pass and enforce all necessary police ordinances." The statute, while giving such general power, specifically sets forth

a great number of subjects of municipal legislation, most of them matters of police regulation, and prescribes the manner and extent of the exercise of the police power over them respectively. Among the subjects thus specifically subjected to police regulation are various avocations and kinds of business, that of fire insurance not being of the number. In another part of the statute, however, the contribution which foreign insurance companies are required to make to the municipal government is specifically prescribed, and no provision is there made for any control by the municipal authorities over such companies or their agents beyond that of collecting and receiving the tax thus imposed. Under these circumstances it is manifest that the licensing and taxing of foreign insurance companies, even if held to be proper subjects for police regulation, are not within the grant of power given to the Common Council by the general clause of the statute authorizing it to regulate the police of the city.

Judge Dillon, in his treatise on municipal corporations, says: " Occasionally the charter or incorporating act, without any specific enumeration of the purposes for which by-laws may be made, contains a general and comprehensive grant of power to pass all such as may seem necessary to the well-being and good order of the place. More frequently, however, the charter or incorporation act authorizes the enactment of by-laws in certain specified cases and for certain purposes; and after this specific enumeration, a general provision is added that the corporation may make any other by-laws or regulations necessary to its welfare, good order, etc., not inconsistent with the Constitution or laws of the State. This difference is essential to be observed, for the power which the corporation would possess under what may, for convenience, be termed the general welfare clause, *if it stood alone*, may be limited, qualified, or, when such intent is manifest, impliedly taken away by provisions specifying the particular purposes for which by-laws may be made." 1 Dillon on Municipal Corporations, 315. See also State v. Furguson, 33 N. H. 424.

The judgment will be affirmed.

*Judgment affirmed.*